USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/20/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SUNDAY UDOINYION,

      Plaintiff,

v.

GOUVERNEUR HEALTH CARE SERVICES,

      Defendant.

---

No. 17-CV-1055 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Sunday Udoinyion, proceeding *pro se*, brings this action against Defendant Gouverneur Health Care Services pursuant to 42 C.F.R. § 483.10 *et seq.* Before the Court is Defendant's Rule 12(b)(6) motion to dismiss the Complaint. For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND[1]

Plaintiff had surgery to replace his knee on August 7, 2014. Compl. at 2, ECF No. 20. Upon his discharge, he was sent to Defendant for rehabilitation. Compl. at 2. On August 24, Plaintiff noticed blood coming from his groin area due, he claims, to being administered excessive doses of medication despite his protests. Compl. at 2. Plaintiff immediately informed the attending nurse, who, according to Plaintiff, elected to administer an antibiotic without consulting the physician on duty. Compl. at 3. Plaintiff asserts that the antibiotic was not intended for the purpose for which it was administered. Compl. at 3.

---

[1] These facts are drawn from Plaintiff's Amended Complaint and are construed in a light most favorable to him. *See Novio v. NY Acad. of Art*, 317 F. Supp. 3d 803, 806 (S.D.N.Y. 2018).

Plaintiff subsequently began experiencing a burning sensation in his groin area, accompanied by frequent, uncontrollable urination. Compl. at 3. As a result, the nurses were compelled to change Plaintiff's bed sheets every fifteen minutes. Compl. at 3. Plaintiff complained to the nursing supervisor, at which time he was transported to the emergency room at NYU Langone Medical Center. Compl. at 3. The physicians there diagnosed Plaintiff with a urinary tract infection and elected to keep him overnight. Compl. at 4. The next day, following treatment and tests, he was discharged and returned to Atlanta. Compl. at 4.

While in Atlanta, physicians at NYU Langone called Plaintiff's daughter and instructed her to take him to an emergency room because test results indicated that the treatment Plaintiff had received was not sufficient to remedy his infection. Compl. at 5. Plaintiff was seen at Gwinnett Medical Center, where physicians consulted personnel with the Center for Disease Control and Prevention, who devised a treatment regimen that, while effective, did not provide a complete cure. Compl. at 5. Following the incident, Plaintiff was informed on two separate occasions that the nurse employed by Defendant had been reprimanded. Compl. at 5–6. Plaintiff claims to have suffered permanent damage to his urinary tract, which has resulted in the continuing inability to control when he urinates. Compl. at 6. Prior to the injury, Plaintiff says, he was pursuing a PhD, which has been interrupted by his injuries, jeopardizing his career. Compl. at 7.

Plaintiff commenced this action on February 6, 2017, before submitting the operative amended complaint on August 18, 2017. ECF Nos. 1, 20. Defendant moved for dismissal on September 8. ECF No. 21.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss, "the court is to accept as true all facts alleged in the complaint . . . [and] draw all reasonable inferences in favor of the plaintiff." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). "Where, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (alterations and citations omitted).

## DISCUSSION

### I. 42 C.F.R. § 483

The provisions on which Plaintiff relies in his Complaint, 42 C.F.R. § 483.10 *et seq.*, merely contain requirements for long-term care facilities and do not provide a private cause of action. *See, e.g.*, *Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 293 (3d Cir. 2010). This claim, therefore, must be dismissed.

### II. State Law Claims[2]

Based on his opposition papers, Plaintiff appears to assert state law claims for medical malpractice or negligence, primarily under New York Public Health Law § 2801-d.[3] The only named defendant in this action, Gouverneur Health Care Services, is operated by New York City Health and Hospitals Corporation and accordingly New York laws regarding the filing of claims

---

[2] The basis for jurisdiction in the Complaint was federal question pursuant to 28 U.S.C. § 1331. Nonetheless, it appears from the Complaint that Plaintiff is a resident of Georgia, potentially providing a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Defendant is a resident of New York. Although Plaintiff has not specified an amount of damages, bearing in mind his *pro se* status the Court will assume that it exceeds the $75,000 amount in controversy requirement given the severity of the injuries he allegedly sustained and the resulting impact on his earning potential. *See Harding v. Paramount Pictures*, No. 12-CV-66 (DAB) (HBP), 2013 WL 174401, at *5 (S.D.N.Y. Jan. 16, 2013).

[3] While parties are typically barred from asserting new claims in their papers opposing a dispositive motion, in light of Plaintiff's *pro se* status the Court will consider them.

against public corporations and municipalities apply. *See Hardy v. NYC Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). To the extent Plaintiff asserts such claims, they must be dismissed because he has failed to comply with General Municipal Law § 50.

First, Plaintiff did not file a notice within 90 days after his claims arose. *See* Gen. Mun. Law § 50-e(1)(a); *Hardy*, 164 F.3d at 793. Second, Plaintiff failed to submit the Complaint within one year and ninety days and his claims, therefore, are further barred by the statute of limitations. *See* Gen. Mun. Law § 50-i(1)(c). Accordingly, these claims are also dismissed.[4]

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted. The Court has been mindful of Plaintiff's *pro se* status and is sympathetic to the injuries he alleges he sustained during the course of the events at hand. Nonetheless, his claims are dismissed with prejudice because any amendment would be futile. *See Singh v. NYC Dist. Council of Carpenters Benefit Funds*, No. 17-CV-7159 (VSB), 2018 WL 4335511, at *4 (S.D.N.Y. Sept. 11, 2018) (denying *pro se* plaintiff leave to amend where it would be futile, in part because the basis for dismissal was that the claim was untimely). The Clerk of Court is respectfully directed to terminate the motion pending at docket entry twenty-one and to close the case.

SO ORDERED.

Dated: September 20, 2018
New York, New York

Ronnie Abrams
United States District Judge

---

[4] In his opposition papers, Plaintiff further urges the Court to hold that the state laws pertaining to suits against municipalities and public corporations are unconstitutional. The Court declines to take such action.

4